IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 05-0569-WS-C ) |
| TENSAW LAND AND TIMBER COMPANY, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on plaintiffs' Statement of Appeal of Magistrate Judge's Order (doc. 40).

**A.     Background.**

The Order from which appeal is taken can best be understood in its historical and procedural context. On October 5, 2005, plaintiffs Ciba Specialty Chemicals Corporation, Syngenta Crop Protection, Inc., and Ciba-Geigy Corporation (collectively, "Ciba") filed a then-unsealed Complaint (doc. 1) against defendants Tensaw Land and Timber Company, Inc. and Palamar Land Company, L.P. (collectively, "Tensaw"/"Palamar"). According to the Complaint and the Amended Complaint (doc. 4) filed two days later, the crux of the dispute is defendants' contention that Ciba contaminated their hunting and fishing properties in or near McIntosh, Alabama with Dichloro-Diphenyl-Trichloroethane in the 1950s and 1960s, then concealed its actions. This contamination is alleged to have emanated from a pesticide plant operated by Ciba in McIntosh beginning in or about 1952. In light of the parties' alleged disagreement as to the existence and extent of any contamination on defendants' property, Ciba seeks declaratory relief.

Some three weeks after the Complaint and Amended Complaint were filed, Ciba requested that the pleadings in this case be placed under seal "during the pendency of this litigation" because of certain concerns articulated by defendants (who have never formally appeared in this action) as to disclosure of allegedly confidential information. (*See* docs. 19, 21.) On November 2, 2005, after a hearing on the sealing request, then-Magistrate Judge DuBose

entered an Order (doc. 23) granting the motion "for the purpose of aiding in the settlement of this matter" and directing the Clerk of Court temporarily to seal the Complaint and Amended Complaint for a period of 60 days.  (*Id.* at 1-2.)  On December 22, 2005, plaintiffs filed a Motion to Extend Temporary Sealing Order for 30 Days (doc. 31), on the grounds that additional time was needed "to complete the settlement process and preserve the status quo."  (*Id.* at 1.)[1]  Judge DuBose granted this request via endorsement (doc. 33), extending the sealing order through January 31, 2006.  Upon expiration of that deadline, Ciba again presented a written request for a 30-day extension of the sealing order, purportedly for the purpose of facilitating settlement.  (*See* doc. 36.)  Magistrate Judge Cassady, to whom this case had been reassigned in the interim, granted the request through March 2, 2006.  In doing so, however, he cautioned the parties that "[n]o further extensions of the temporary sealing order ... will be granted in this case."  (Doc. 37, at 1.)

Notwithstanding Judge Cassady's determination that no further extensions would be granted, Ciba filed yet a third motion to extend the temporary sealing order on March 2, 2006, this time requesting an additional 60 days to consummate the settlement and explaining that more time was needed to resolve two outstanding "major settlement issues."  (Doc. 38, at 1.)  On March 3, 2006, Judge Cassady entered an Order (doc. 39) denying that request, but staying the unsealing of the pleadings to afford plaintiffs an opportunity to appeal his ruling to the undersigned.  On March 13, 2006, plaintiffs did just that by filing a Statement of Appeal, which reads in part as follows: "As of today at 4:45 p.m., this case has been settled by the parties, and a stipulation of dismissal will be filed upon board approval by both sides.  The reason for this appeal is to maintain the status quo for the purpose of aiding the consummation of the settlement."  (Doc. 40, at 1.)  Plaintiffs' appeal identifies no authority to support its apparent position that Judge Cassady's ruling was clearly erroneous or contrary to law, but instead would have this Court overturn his order because of this new development.

---

[1] This request was made despite the fact that on December 2, 2005, Ciba's counsel submitted an Affidavit stating that Ciba and Tensaw/Palamar had "reached an agreement in principle to resolve this dispute" and that "execution of any settlement agreement should occur within the next 4-6 weeks."  (Doc. 26, Exh. A.)

**B.     Analysis.**

The instant appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ....").

Examination of the record and relevant authorities reveals that Magistrate Judge Cassady's Order of March 3, 2006 is neither clearly erroneous nor contrary to law.  At plaintiffs' request, the Complaint and Amended Complaint have been hidden from public view for the last four and a half months.  But the public's common-law right of access to judicial proceedings, including the right to inspect and copy public records and documents, is "an essential component of our system of justice" and one which "is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see also Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569 (11th Cir. 1985) ("The starting point in such a discussion is the proposition that, absent some exceptional circumstances, trials are public proceedings.").  Given the sanctity of the public interest at stake, it is perhaps not surprising that the Eleventh Circuit has repeatedly vacated sealing orders relating to pleadings and other non-discovery civil filings where the party requesting that the matters be sealed fails to show that such relief "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (vacating protective order sealing the record where no showing of extraordinary circumstances was made); *see also Wilson*, 759 F.2d at 1571 (finding nothing in the record to overcome common-law presumption in favor of public access and reversing district court's order denying request to unseal the record); *Marshall v. Planz*, 347 F. Supp.2d 1198, 1207-08 (M.D.

Ala. 2004) (following *Brown* and *Wilson*); *Taylor v. Teledyne Technologies, Inc.*, 338 F. Supp.2d 1323, 1364-65 & n.47 (N.D. Ga. 2004) (similar).

Plaintiffs have made no showing of extraordinary circumstances here that might warrant granting them an additional 60-day extension of the sealing order.  To be sure, they do represent that on March 13, 2006 they finally succeeded in settling their dispute with Tensaw/Palamar, subject to certain yet-to-be-fulfilled caveats.[2]  The Court understands that the settlement process is often inherently time-consuming, arduous and unpredictable; however, the fact remains that plaintiffs have been providing reassurances for the last three months that consummation of settlement was imminent, only to renew requests for further extensions a short time later.  The Statement of Appeal does not offer any specifics as to when or even if plaintiffs anticipate the requisite board approval of the settlement taking place.  More to the point, the case law is clear that settlement negotiations and settlement-related activities do not justify ongoing sealing of a court record.  Indeed:

> "It is immaterial whether the sealing of the record is an integral part of the negotiated settlement between the parties, even if the settlement comes with the court's active encouragement.  ***Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.***  Absent a showing of extraordinary circumstances ..., the court file must remain accessible to the public."

*Brown*, 960 F.2d at 1016 (emphasis added).  Nor would it suffice to argue (which plaintiffs have not done, in any event) that, if unsealed, the pleadings might be utilized by third parties in that certain related litigation styled *Jessie Fisher, et al. v. Ciba Specialty Chemical Corporation, et al.*, Civil Action No. 03-0566-WS-B, which is presently pending before the undersigned.  *See Wilson*, 759 F.2d at 1571 ("The defendant's desire to prevent the use of this trial record in other proceedings is simply not an adequate justification for its sealing.").

---

[2]  That fact, which was not presented to Magistrate Judge Cassady prior to his issuance of the appealed-from order, could not properly sustain an appeal, because it cannot demonstrate that the March 3 Order was clearly erroneous or contrary to law.  At most, it might have justified a motion for reconsideration directed to the Magistrate Judge pursuant to Rule 60(b), Fed.R.Civ.P., based on changed circumstances.  To the Court's knowledge, however, no such request has been made.

**C.     Conclusion.**

In light of the cited case law and the circumstances presented herein, the Court finds no error in the appealed-from Magistrate Judge Order, much less the sort of glaring flaw that might support a determination that it is clearly erroneous or contrary to law.  As such, this Court cannot grant plaintiffs relief from that Order, pursuant to Rule 72(a), Fed.R.Civ.P., and 28 U.S.C. § 636(b)(1)(A).  Plaintiffs' Appeal (doc. 40) is therefore **denied**, and Magistrate Judge Cassady's Order (doc. 39) is **affirmed**.  That said, the Court will hold this ruling in abeyance for ten (10) calendar days to allow plaintiffs an opportunity to take any action that they deem appropriate.  The Clerk of Court is **directed** to **unseal** the Complaint (doc. 1) and the Amended Complaint (doc. 4) effective **March 27, 2006**.

DONE and ORDERED this 16th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE